FILED

NOV 1 6 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Kareemah Bell-Boston, )
)
Plaintiff, )
)
v. ) Civil Action No. **12 1858**
)
Marshall Heights Workforce Community )
Development Organization, )
)
Defendant. )
_____ )

MEMORANDUM OPINION

This matter is before the Court on the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

The plaintiff is a District of Columbia resident suing an organization based in the District. The plaintiff alleges that when she attended "an orientation" provided by the defendant in September 2012, the defendant's "representative . . . refused to make a copy of my application for employment referral [and] refused to g[i]ve me the fax number so I could fax my application

1

for employment." Statement of the Case at 1-2. The plaintiff states that she "[w]rote to the United States of America Equal Employment Opportunity Commission . . . concerning employment discrimination," *id.* at 2, but she has alleged no facts in the complaint to support a federal claim of employment discrimination. Since the complaint neither presents a federal question nor provides a basis for diversity jurisdiction, it will be dismissed.[1]

United States District Judge

DATE: October 28, 2012

---

[1] A separate Order accompanies this Memorandum Opinion.